IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITRIN AUTO & HOME INSURANCE COMPANY, | : : : | CIVIL NO.  4:CV-04cv2100 |
| Plaintiff, | : : | Judge Jones |
| v. | : : | |
| TAMMY A. HEISTER | : : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

**September 22, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court are cross-motions for Summary Judgment filed by Plaintiff Unitrin Auto & Home Insurance Company ("Unitrin" or "Plaintiff") and by Defendant Tammy A. Heister ("Heister" or "Defendant").  (Rec. Docs. 11 and 13).

Diversity jurisdiction in this Court is proper pursuant to 42 U.S.C. § 1332.

For the following reasons, we will grant the Plaintiff's Motion for Summary Judgment and deny Defendant's Motion for Summary Judgment.

**STANDARD OF REVIEW:**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed .R. Civ. P. 56(c); see also Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). The party moving for summary judgment bears the burden of showing "there is no genuine issue for trial." Young v. Quinlan, 960 F.2d 351, 357 (3d Cir. 1992). Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences which a fact finder could draw from them. Peterson v. Lehigh Valley Dist. Council, 676 F.2d 81, 84 (3d Cir. 1982).

Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986). This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial. Id. at 325.

Federal Rule of Civil Procedure 56 provides that, where such a motion is made and properly supported, the non-moving party must then show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The United States Supreme

Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of their case that a reasonable jury could find in its favor. Celotex Corp., 477 U.S. at 322-23.

It is important to note that "the non-moving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact." Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 511 (3d Cir. 1994) (citation omitted). However, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) (citations omitted).

Still, "the mere existence of **some** alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no **genuine** issue of **material** fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in original). "As to materiality, the substantive law will identify which facts are material." Id. at 248. A dispute is considered to be genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

**STATEMENT OF MATERIAL FACTS:**

In the main, the facts of this case are undisputed. On March 29, 2004 at approximately 1:10 a.m., Defendant was injured in an automobile accident when the vehicle in which she was a front seat passenger was struck by a tractor trailer in South Middletown Township, Cumberland County, Pennsylvania. As a result of the accident, Defendant suffered significant and severe injuries. At the time of the accident, Defendant was insured by an automobile policy number CV705534 issued by Plaintiff (the "Policy"). The Policy included liability insurance for Defendant in the amount of $100,000 per person and $300,000 per accident.

The Policy also indicated that it did not provide underinsured motorist ("UIM") benefits as a result of Defendant having signed a form provided by Plaintiff entitled "Rejection of Underinsured Motorist Protection" ("UIM rejection waiver form") on August 24, 2003. (Rec. Doc. 13, Ex. A). This UIM rejection waiver form states:

> REJECTION OF UNDERINSURED MOTORIST INSURANCE
>
> By signing this waiver, I am rejecting underinsured motorist coverage under this policy, for myself, and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage. **By rejecting this coverage, I am also signing the**

> **waiver on pg. 10 rejecting stacked limits of underinsured motorist coverage.**

(Rec. Doc. 13, Ex. B)(emphasis added). On that same date, Defendant also signed a form rejecting stacked UIM coverage ("stacked UIM waiver form").

Defendant's parents purchased a similar policy from the Plaintiff which was issued to number CV893989 (the "Parents' Policy"). On or about July 20, 2003 Defendant's parents signed a form entitled "Rejection of Underinsured Motorist Protection" that was identical to above-excerpted UIM rejection waiver form signed by Defendant. Defendant's parents also signed a stacked UIM waiver form. It is of course not disputed that both policies as just described are governed by the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), codified at 75 Pa. Cons. Stat. § 1701 et seq.

Subsequent to signing these forms, Defendant made claims against Plaintiff under both her Policy and the Parents' Policy for UIM benefits stemming from the March 2004 accident. In light of the aforementioned signed waivers from Defendant and her parents, Plaintiff filed this action seeking a declaratory relief that it need not pay UIM or UIM stacking benefits to Defendant. Defendant contends that the UIM rejection waiver forms are invalid because they do not comply with the requirements of 75 Pa. C. S. § 1731.

5

Both parties' Motions for Summary Judgment have been fully briefed and are therefore ripe for review.

**DISCUSSION:**

**A .   APPLICABLE STATUTORY SECTIONS**

Section 1731 of the MVFRL has made UIM insurance optional for all insured drivers in Pennsylvania.[1]  See 75 Pa. Cons. Stat. § 1731(c).  For an insured to opt out of UIM coverage:

> the named insured shall be informed that he may reject underinsured motorist coverage by signing the following written rejection form:
>
> REJECTION OF UNDERINSURED MOTORIST PROTECTION
>
> By signing this waiver I am rejecting the underinsured motorist coverage under this policy, for myself and all relatives residing in my household.  Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages.
>
> .......................................................
> Signature of First Named Insured
> .......................................................
> Date

75 Pa. Cons. Stat. § 1731(c)(capitalization in original).  The MVFRL also provides the following about how an insurer is to present said rejection form to an insured:

---

[1] Underinsured motorist insurance was mandatory in Pennsylvania until the MVFRL was amended in 1991. See Borgia v. Prudential Ins. Co., 750 A.2d 843, 847-48 n.6 (Pa. 2000).

>**Form of waiver.**--Insurers shall print the rejection forms required by subsections (b) and (c) on separate sheets in prominent type and location. The forms must be signed by the first named insured and dated to be valid. The signatures on the forms may be witnessed by an insurance agent or broker. Any rejection form that does not specifically comply with this section is void. If the insurer fails to produce a valid rejection form, uninsured or underinsured coverage, or both, as the case may be, under that policy shall be equal to the bodily injury liability limits. On policies in which either uninsured or underinsured coverage has been rejected, the policy renewals must contain notice in prominent type that the policy does not provide protection against damages caused by uninsured or underinsured motorists. Any person who executes a waiver under subsection (b) or (c) shall be precluded from claiming liability of any person based upon inadequate information.

Id. § (c.1). The MVFRL includes a similar statutory section governing waiver of stacked UIM coverage. See 75 Pa. Cons. Stat. § 1738.

### B   LEGALITY OF DEFENDANT'S WAIVER OF UIM BENEFITS

At issue is the effect of the following sentence appended by Plaintiff to the UIM rejection waiver form: "By rejecting this coverage, I am also signing the waiver on pg. 10 rejecting stacked limits of underinsured motorist coverage." (Rec. Doc. 12, Ex. 4 at 9). Upon receiving the UIM rejection waiver form, Defendant signed it as well as the stacked UIM waiver form.[2] Defendant now contends that since the

---

[2] There is no dispute that the Plaintiff's rejection of UIM stacked coverage waiver form was in accordance with the MVFRL. Therefore, regardless of our determination as to the validity of the UIM rejection waiver form, Defendant cannot recover stacked UIM benefits.

UIM rejection waiver form failed to strictly comply with the requirements of § 1731 of the MVFRL the waiver must be deemed invalid and that as a result the subject UIM insurance benefits are activated to the aforesaid limit of the liability coverage.

### 1.   INSURANCE DEPARTMENT APPROVAL OF UIM REJECTION WAIVER FORM

Our analysis begins with the approval status of the rejection form signed by the Defendant and her parents. Plaintiff contends that the very form at issue was approved by the Commissioner of the Pennsylvania Insurance Department (the "Commissioner" or "Insurance Department") for use in the Commonwealth. With its Motion, Defendant submitted an affidavit from Susan Fiorentino, an employee of Plaintiff's subsidiary Kemper Independence Insurance Company. (Rec. Doc. 12, Ex. 5) Ms. Fiorentino's affidavit states that Kemper submitted the subject UIM rejection waiver forms to the Commissioner and that the forms were approved by the Commissioner.[3]  In proof of Ms. Fiorentino's statements is an attached letter dated April 14, 2003 and stamped by the Insurance Department.  This stamp indicates that the forms submitted under cover of the letter were "Approved,

---

[3] In her affidavit, Ms. Fiorentino states that in April of 2003, she worked on a submission of forms to the Insurance Department, and the package included rejection forms. (Rec. Doc. 12, Ex. 5 at 2)

Effective 5/6/03." (Rec. Doc. 12, Ex. 5 at 5). We see no need to doubt the veracity Ms. Fiorentino's affidavit, nor any reason to disregard the stamp of the Insurance Department as genuine. It appears to us that aforementioned stamp signals the Insurance Department's approval Plaintiff's UIM rejection waiver form. (Rec. Doc. 12, Ex. 5 at 5).

The case law indicates that we should afford substantial deference to the Pennsylvania Insurance Department's approval of Plaintiff's UIM rejection waiver form. "It is well settled that when the courts of this Commonwealth are faced with interpreting statutory language, they afford great deference to the interpretation rendered by the administrative agency overseeing the implementation of such legislation." Winslow-Quattlebaum v. Maryland Insurance Group, 561 Pa. 629, 635 (2000). Therefore, absent fraud, bad faith, abuse of discretion or clearly arbitrary action, our courts will not "disturb administrative discretion in interpreting legislation within an agency's own sphere of expertise." Id. at 636.

The Insurance Department is the agency charged with the implementation of the MVFRL and we accordingly defer to its approval of Plaintiff's UIM rejection waiver form. We therefore find that Defendant's and Defendant's parents' signatures on the contested form constituted legal waivers of UIM benefits. It should be noted that Defendant does not plead any allegation of fraud, bad faith,

9

abuse of discretion or arbitrary action relating to the Insurance Department, and therefore, deference to the Insurance Department is warranted.

### 2. LEGALITY OF UIM REJECTION WAIVER FORM UNDER SECTION 1731 OF THE MVFRL

The foregoing analysis makes it unnecessary for us to determine the validity of the UIM rejection waiver form under § 1731 of the MVFRL in the absence of its approval by the Insurance Department.  However, for the sake of completeness we note that regardless of the Insurance Department's approval of the contested form, Plaintiff's UIM rejection waiver form does satisfy the requirements of § 1731, despite the additional sentence appended by Plaintiff.

It is undisputed by the parties that the UIM rejection waiver contains all of the language required by § 1731.  Despite Defendant's arguments to the contrary, it appears to us that the disputed sentence was added by Plaintiff to clarify the relationship between the UIM waiver and the waiver of stacked UIM benefits that appears on a separate sheet of paper.  By highlighting the conjunctive relationship between the waivers, the additional sentence was surely designed to aid the insured in understanding his policy, an otherwise esoteric and complicated document for the lay reader to comprehend.

We elect to take a common-sense approach to the resolution of the matter before the Court. To find today that a clarifying sentence, appended to a waiver that otherwise fully complies with § 1731, invalidates the waiver's effect is truly to elevate form over substance.[4]  In part, we look to Pennsylvania case law to support the approach we choose to take today.  In Allstate Insurance Company v. Seeyle, the Pennsylvania Superior Court held that a waiver of stacking for uninsured motorist coverage was valid despite the use of additional language in the waiver. The court reasoned that the additional language only served to clarify the text of the waiver. See Seeyle, 826 A.2d 1286, 1288 (Pa. Super. Ct. 2004).  The same year in Vosk v. Encompass Insurance Company, the Pennsylvania Superior Court held that "minor deviations in the title of the executed [stacked UIM rejection] form" did not void the legality of the waiver. Vosk, 851 A.2d 162, 167 (Pa. Super. Ct. 2004). Once again, the court reasoned that the purpose of additional words were to achieve clarity.  See id. at 168.  Although we recognize that Seeyle and Vosk involved § 1738 of the MVFRL, the import of both cases is to illuminate the policy of the Commonwealth courts to uphold otherwise statutory complaint rejection

---

[4] In Winslow-Quattlebaum v. Maryland Insurance Group, 561 Pa. 629 (2000), the Supreme Court of Pennsylvania also chose to not to elevate form over substance.  The Supreme Court held that a form for rejecting UIM benefits did not need to be on a separate sheet of paper from the rejection of stacked UIM benefits in order to be valid.

11

forms that merely utilize clarifying language.

We are also not persuaded by Defendant's arguments that the use of the word "specifically" in § 1731(c.1) is fatal to Plaintiff's claim. In fact, Plaintiff's UIM rejection waiver form *does* specifically comply with the statute, inasmuch as it uses the exact language required by § 1731. Furthermore, § 1731(c.1) nowhere indicates that additional clarifying language vitiates an otherwise valid UIM rejection waiver form.

Although we find for Plaintiff today, we take pause to mention that we believe the better practice for Plaintiff and its fellow insurance companies is *not* to supplement the required language of § 1731. Efforts to achieve clarity regarding UIM waivers are better suited perhaps in the form of a cover letter or in a dialogue between the insured and an insurance carrier representative. Surely by utilizing only the exact language provided for in the statute, Plaintiff and other insurance carriers doing business in Pennsylvania will reduce their exposure to future litigation on this issue.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.   Plaintiff's Motion for Summary Judgment (doc. 11) is GRANTED.

2.   Defendant's Motion for Summary Judgment (doc. 13) is DENIED.

3.   The Clerk shall close the file on this case.

s/ John E. Jones III
John E. Jones III
United States District Judge
